PER CURIAM.
¶1 Scott Schultz appeals from a circuit court order affirming a decision of the Labor and Industry Review Commission (LIRC) which dismissed his employment discrimination complaint in favor of his former employer, Manitowoc County. Because credible and substantial evidence supports LIRC's finding that the county's decision not to rehire Schultz was not based on any disability, we affirm.[1]
¶2 In 1993, Schultz was hired by Manitowoc County as a highway patrolman. His duties included mowing grass, removing snow, and flagging traffic in work zones. Following a back surgery in 2002, Schultz returned to work without restrictions. He had periodic chiropractic treatments for back pain and stiffness. In 2006 or 2007, Schultz requested that his supervisor, Brian Glaeser, not assign him duties which required him to stand for more than one hour. This request related to flag duty. Flag duty was one or two percent of Schultz's job. Schultz did not provide medical documentation, and Glaeser considered this a routine request related to job assignments, not a request to accommodate a disability. The solution implemented was for employees to rotate flag duty so that no one would have to stand for an extended period.
¶3 Due to changes in Wisconsin's public-sector collective bargaining laws, Schultz and sixteen other employees were laid off and then terminated in 2011. The county restructured its highway department and created the position of "highway maintenance worker." The new job included the duties of the former "patrolman" position. Schultz applied for the new position. As part of the hiring process, applications of previously laid-off employees were reviewed separately by the highway commissioner, Gary Kennedy, and by superintendents Wayne Sleger, Chuck Behnke, and Glaeser, Schultz's former supervisor. Each reviewed applications and had an opportunity to select applicants for an interview. Each reviewer "would comment with their yes or their no on each applicant." Schultz was not selected for an interview.
¶4 Schultz filed a discrimination complaint against the county alleging that it terminated his employment and failed or refused to rehire him on the basis of age and disability. The administrative law judge (ALJ) decided that the county did not unlawfully discriminate against Schultz on the basis of age, and did not unlawfully terminate his employment on the basis of disability, but did unlawfully refuse to rehire him on the basis of disability.
¶5 The county petitioned for review, and LIRC reversed the ALJ's decision. LIRC concluded that Schultz was not "an individual with a disability" within the meaning of the Wisconsin Fair Employment Act (WFEA), and further determined that even assuming his back condition was a disability within the WFEA, "the commission finds that [Schultz] failed to prove that his non-selection was because of his back condition." In other words, LIRC found there was no causation between Schultz's asserted disability and the county's decision not to rehire him. LIRC found:
The condition of the complainant's back was not a motivating factor in the separate decisions of Glaeser, Kennedy, Sleger and Behnke not to select the complainant for a position of highway maintenance worker, or for an interview for that position.
¶6 Schultz filed for judicial review in the circuit court, challenging LIRC's determination that he was not an "individual with a disability" and LIRC's finding that the county did not decline to rehire him on the basis of disability.[2] The circuit court confirmed LIRC's order. This appeal follows.
¶7 On appeal, this court reviews the decision of LIRC and not that of the circuit court. Stoughton Trailers, Inc. v. LIRC , 2007 WI 105, ¶26, 303 Wis. 2d 514, 735 N.W.2d 477. LIRC's findings of fact are conclusive on appeal as long as they are supported by credible and substantial evidence. Michels Pipeline Constr., Inc. v. LIRC , 197 Wis. 2d 927, 931, 541 N.W.2d 241 (Ct. App. 1995) ; see also WIS. STAT. § 102.23(6). "Substantial evidence is less of a burden than preponderance of the evidence in that any reasonable view of the evidence is sufficient." Bernhardt v. LIRC , 207 Wis. 2d 292, 298, 558 N.W.2d 874 (Ct. App. 1996). Our role on appeal is to search the record for evidence supporting LIRC's factual determinations, not to search for evidence against them. See Vande Zande v. DILHR , 70 Wis. 2d 1086, 1097, 236 N.W.2d 255 (1975).
¶8 The record amply supports LIRC's finding that the county did not base its employment decision on Schultz's back condition. Four decision-makers separately reviewed applications and chose not to interview Schultz. LIRC determined there was no evidence on which to find that Kennedy, Sleger, or Behnke knew Schultz had a disability. Neither Sleger nor Behnke testified at the hearing and Schultz cannot minimally establish that either had a disability-related reason not to select him.
¶9 Kennedy declined to interview Schultz because of information that he received prior to the hiring process that Schultz complained about job assignments and was not a team player. Kennedy had also heard over a period of years that Schultz had attitude problems. This constitutes substantial evidence supporting LIRC's finding that Kennedy's decision not to hire Schultz was unrelated to his back condition.
¶10 Schultz's arguments relate primarily to Glaeser. Glaeser testified that Schultz had a chronic bad attitude and had regularly complained about job assignments. He did not select Schultz for an interview because other applicants were more "hard working, better qualified, and just [had a] better attitude." Schultz disputes the veracity of Glaeser's stated reasons. LIRC credited Glaeser's testimony. The weight and credibility of the evidence is a matter for LIRC. WIS. STAT. § 102.23(6).
¶11 As he argued to LIRC, Schultz asserts that Glaeser's own testimony about Schultz's bad attitude demonstrates that his back condition is the real reason Glaeser rejected his application. Here, Schultz points out that one example given by Glaeser concerned flag duty. LIRC considered but rejected Schultz's suggested inference, that Glaeser actually took issue with having to accommodate Schultz's back condition rather than with his bad attitude. As LIRC explained, Schultz's limitation did not proscribe all flag duty, and the flag-duty complaint was not Glaeser's or the county's only example of Schultz's bad attitude. The court cannot substitute its judgment for that of LIRC as to the weight of the evidence on any disputed finding of fact. See WIS. STAT. § 227.57(6). See also Universal Foundry Co. v. DILHR , 86 Wis. 2d 582, 589, 273 N.W.2d 324 (1979) (where multiple inferences may be drawn from the evidence, the drawing of one such permissible inference by LIRC is an act of fact finding, and the inference so derived is conclusive on the reviewing court).
¶12 Schultz also argues that the county presented no legitimate reason to hire the other applicant. To the contrary, Glaeser testified that the person they hired was harder working, better qualified, and had a better attitude. Kennedy had a similar opinion of the other applicant-that he was a team player, and a handy guy who knew how to get along with people. The evidence about the characteristics of the other applicant is uncontested. Work ethic, people skills and attitude are legitimate, nondiscriminatory reasons to prefer an applicant, and Schultz presented no evidence that the county preferred the employee it hired over him for a disability-related reason. LIRC had substantial evidence to support its finding of no discrimination.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

After briefing, Respondent Manitowoc County moved to strike a portion of Schultz's reply brief. We ordered the motion held in abeyance pending disposition of the appeal. We now deny the pending motion to strike.

Schultz made a third argument in the circuit court, namely, that LIRC committed a material procedural error which impaired the fairness of the proceeding by refusing to accept the credibility determinations of the ALJ and by failing to explain its reasons for departing from the ALJ's findings. See Wis. Stat. § 227.57(4) (permitting court to remand case for further action if it finds that a material error in procedure has impaired "either the fairness of the proceedings or the correctness of the action"). As the circuit court pointed out, LIRC specifically added a note to its decision confirming that it consulted with the ALJ to obtain his impressions of witness credibility and the ALJ indicated he had no recollection of the observable demeanor of the witnesses. The circuit court determined that LIRC appropriately relied on the record after consulting with the ALJ, and that Schultz was simply asking the circuit court to agree with Schultz's credibility assessments. Schultz's procedural fairness argument is not identified for review and is accordingly abandoned on appeal.